WILLIAMS, Judge.
This is an appeal from a jury decision finding that plaintiffs, Richard Whitaker and his family, had failed to carry their burden of proof in an action they had filed against defendants Sarah Grappe; State Farm Insurance Company, (“State Farm”), homeowners insurer; and United States Fidelity and Guaranty Company, (“U.S.F. & G.”), insurers under an Owners, Landlords and Tenants insurance policy. Mrs. Grappe and U.S.F. & G. settled with the Whitaker family prior to trial, and plaintiffs proceeded only against State Farm.
The Whitaker family were tenants of property owned by Sarah Grappe. On the morning of August 17, 1982, a fire erupted in the property. Much of the premises was destroyed, and Richard Whitaker suffered severe burns as a result of trying to save his young grandson from the fire. At trial, there was no question that a fire had occurred, and that it had begun in the kitchen. The only issue contested and now before us is the source and origin of the fire. After listening to testimony, and viewing a number of photographs a jury decided in favor of defendant, State Farm. It is from this decision that plaintiffs now appeal, alleging that the sufficiency and weight of the probative evidence presented at trial clearly shows that the jury’s verdict is manifestly erroneous.
At trial, both sides presented testimony of expert witnesses. In addition, the plaintiffs presented evidence from Captain Wesley Howell, the fire captain who first responded to the call and who stated in his report that the cause of the fire was a faulty wired receptacle in the kitchen. This became the thrust of plaintiffs’ case. It should be noted, however, that Captain Howell did testify that this was the first time that he had seen a receptacle fire in his numerous years as a fireman. He also stated that he just “glanced” at the stove, which defendants claimed caused the fire. Plaintiffs also presented the testimony of numerous expert witnesses, all of whom appeared to have been well qualified, to the effect that the fire had begun in the receptacle.
It was defendant’s contention that the fire had begun as a result of negligence on the part of a plaintiff, i.e., a burner on the stove was left in the “on” position. To support this position, the defense presented the testimony of two expert witnesses who investigated the fire site, and investigated both the receptacle and the stove closely. These witnesses claimed that the wall by the stove had the deepest charring in the kitchen, and that as a result of the fire, the burners had been frozen into the position into which they had been turned. One of the burners had been frozen into the “on” position. Both of the experts used by the defendants were also extremely well qualified in the investigation of the source and origin of the fire.
We have reviewed all of the testimony and the evidence presented at trial, and have found that this is simply a case of the jury resolving conflicting testimony in fa *646 vor of defendants. Although we sympathize with the plaintiffs' obvious injuries and damages, we cannot find that the jury was manifestly erroneous in its determination that the plaintiffs had failed to carry their burden of proof Canter v. Koehring Co., 283 So.2d 716 (La.1973). For this reason, we must affirm the decision of the court below, all costs to be borne by appellant.
AFFIRMED.